BRYAN, Judge,
concurring specially.
I fully concur in the main opinion and write specially only to note that a writ of mandamus could have been issued to the juvenile court in this case pursuant to either issue raised by the State Department of Human Resources (“DHR”). As the main opinion holds, DHR demonstrated that a writ of mandamus should be issued to the juvenile court because the juvenile court lacked subject-matter jurisdiction to vacate the May 2005 judgment. 47 So.3d at 830. Because we granted DHR’s petition for a writ of mandamus based on that issue, we did not address the second issue raised by DHR — that the juvenile court lacked subject-matter jurisdiction to order the State treasury to issue funds to an individual. However, I believe that the jurisprudence of this State supports a conclusion that the juvenile court lacked jurisdiction to enter a judgment that ordered the recovery of money from the State treasury. See, e.g., Ex parte Town of Lowndesboro, 950 So.2d 1203, 1206 (Ala.2006) (citing Ex parte Alabama Dep’t of Mental Health & Mental Retardation, 937 So.2d 1018, 1023 (Ala.2006)) (“The appellate courts of this State have generally held that an action may be barred by [Article I,] § 14[, Alabama Constitution of 1901,] if it seeks to recover damages or funds from the State treasury.”).